# Leonard's Estate.

*Orphans' court—Auditor's findings of fact—Guardian and ward—*
*Sale of real estate.*

An auditor's finding of fact that a guardian did not sell his ward's
real estate for an inadequate price, when based upon sufficient evidence,
and confirmed by the orphans' court, will be accepted as conclusive
by the appellate court, unless manifest error is made to appear.

Argued Oct. 15, 1909. Appeal, No. 192, Oct. T., 1909, by
Maude C. Leonard, now Maude C. Manon, from decree of O. C.
Washington Co., May T., 1908, No. 62, dismissing exceptions
to auditor's report in Estate of Maude C. Leonard, now Maude
C. Manon, a Minor. Before MITCHELL, C. J., FELL, BROWN,
MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of H. B. Hughes, Esq., auditor.
The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's
report.

*R. W. Irwin,* with him *J. A. Wiley,* for appellant.

*James P. Eagleson,* for appellee.

OPINION BY MR. JUSTICE FELL, January 3, 1910:
This appeal is from a decree of the orphans' court confirm-
ing the report of an auditor appointed to pass upon exceptions
filed to the account of a guardian. It was sought at the audit
to surcharge the guardian for selling the undivided interest
of his ward in real estate at an inadequate price. It is con-
ceded that the exceptions to the guardian's account could not
be sustained without proof of actual fraud or gross negligence,
and that this appeal cannot be sustained without overruling
the findings of fact by the auditor, approved by the court.
There was no evidence of actual fraud, and the auditor re-

ported that the undivided interest of the ward at the time of the sale was under the testimony at best but a matter of conjecture; that the guardian acted in good faith and under the advice of reputable counsel and that, although the price at which the sale of the undivided interest was made was at a less rate per acre than the whole tract would have sold for, it was not, under the circumstances, grossly inadequate. The court upon a review of the findings of the auditor and of all the testimony was of opinion that the guardian acted in entire good faith, and that the most that could be charged against him was a mistake in judgment. It would require very clear evidence of error to lead to a reversal of these findings. It has been repeatedly said that the findings of fact by an auditor, approved by the court, will be accepted as conclusively established unless manifest error is apparent: Plankinton's Est., 212 Pa. 235.

The decree is affirmed.