## Pooler *v.* Grasselli Chemical Company, Appellant.

596 

Argued October 9, 1942. 

 Before KELLER; P. J., CUN-
NINGHAM, BALDRIGE, RHODES, HIRT, and KENWORTHEY,
JJ. 

*Carl E. Geuther,* for appellant.

*Maurice Freedman,* with him *James F. Masterson* and *James P. McGranery,* for appellee.

OPINION BY KENWORTHEY, J., December 8, 1942:

This appeal is an attempt to persuade us that our previous decision *(142 Pa. Superior Ct. 553, 16 A. (2d) 655)* was wrong and that we should overrule it.

The controlling question is whether a workmen's compensation agreement executed less than ten days after the accident in violation of Sec. 407 of the Workmen's Compensation Law, of June 2, 1915, P. L. 736, as amended,[1] is void where the employer recognized the validity of the agreement by making payments

---

[1] The period was changed to seven days by the Act of June 4, 1937, P. L. 1552, Sec. 1, 77 PS 731.

under it for a period of six months. We said at p. 555: "We are of the opinion that the defendant, as it recognized the validity of the agreement voluntarily entered into by making payments thereunder for a period of six months, is not now in a position to successfully attack it on the ground that it was signed within the ten day limitation."

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature." Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS 551. In ascertaining the intention of the Legislature, we are under no duty to abandon the use of our senses. "In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: (1) That the Legislature does not intend a result that is absurd . . . . . . or unreasonable." Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS 552; *Com. v. Daly,* 147 Pa. Superior Ct. 545, 24 A. (2d) 91.

The sole purpose of the provision in sec. 407 here in question is to benefit the employe, not the employer. It is to give the employe a breathing spell after the accident within which to ascertain his rights, to secure necessary information about the nature and extent of his injuries and to protect him against exploitation by an over-zealous employer. It would be absurd to hold that an employer could make an agreement which in every respect complies with the provisions of the act and then, after paying under it for a period of six months, repudiate it on the ground that it was null and void.

The accident happened August 28, 1935. The agreement was dated September 5, 1935 and provided for payments of $15 per week on the basis of total disability. Payments were stopped on December 8, 1935. Nothing further was done until June 23, 1939, when

judgment was entered in the court of common pleas by the claimant against the employer. The lower court struck off the judgment on the ground the agreement was void because of the provisions of sec. 407. We held this was error, but affirmed the order on the ground that the judgment was void because it was entered for no definite amount. We said: "Claimant's rights, if any, under the agreement as it now stands, must be pursued before the compensation authorities."

Following the judgment of this court, claimant filed a "Petition for Determination of Amount of Compensation Due under Agreement." After hearing evidence, the referee found, "2. That on December 8, 1935, the claimant's disability changed from total to a partial disability which reflected itself into a loss of 25% in his earning power which condition still continues and will be permanent." The award based upon this finding was affirmed on appeal by the board and the common pleas. This appeal followed.

All remaining questions in the case—that the petition was filed too late, that the finding of partial disability was not supported by sufficient evidence because claimant for a period earned higher wages than before the accident—are ruled by *Furman v. Standard Pressed Steel Co.,* 111 Pa. Superior Ct. 44, 169 A. 243. There is no merit in the contention that interest should not have been allowed.

The order of the court dismissing the appeal and affirming the award is affirmed.