## Duddy, Appellant, *v.* Conshohocken Printing Company.

Argued March 24, 1948. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Fine, JJ.

*Harry J. Alker, Jr.,* for appellant.

*W. Wilson White,* with him *Thomas Raeburn White, Federico F. Mauck* and *White & Williams,* for appellee.

Opinion by Arnold, J., July 23, 1948:

Plaintiff appealed from the decree of the court below, on the equity side, dismissing plaintiff-appellant's petition to appoint appraisers to fix the value of his shares of stock in the Recorder Publishing Company, a Pennsylvania corporation, which was merged into the Con-

shohocken Printing Company over his objection. The merger proceedings were had under the provisions of § 901 et seq. of the Business Corporation Law, as amended (15 PS § 2852-901 et seq.).

Plaintiff owned ten shares of stock in the Recorder Publishing Company. The board of directors of that company adopted a resolution approving a joint plan of merger with the Conshohocken Printing Company, which owned all the shares of the Recorder Publishing Company except the ten shares held by the plaintiff. The resolution was submitted to shareholders at a special meeting on October 7, 1946.

The rights of a dissenting shareholder of a corporation which merges with another are fixed by § 908 of the Business Corporation Law, supra, as amended in 1941 (15 PS § 2852-908), which provides three conditions precedent to a petition to the common pleas, in equity, (under paragraph B), for the appointment of three appraisers to fix the fair value of his shares. First, the dissenting shareholder shall file with his corporation, prior to or at the meeting of shareholders (at which the plan is submitted) a written objection to the merger. The court found as a fact that the plaintiff performed this. Second, the dissenting shareholder shall not vote in favor of the plan. It is admitted that the plaintiff voted against the plan. The third requirement reads: ". . . and such shareholder, within twenty days after the merger . . . was effected, shall also make written demand on the surviving . . . corporation for the payment of the fair value of his shares. . . ." [1] The question is whether the plaintiff complied with this last requirement.

The revised merger plan recited: "Recorder Publishing Company will be merged *into* Conshohocken Print-

---

[1] The clause continues: "Unless a shareholder . . . makes such demand within the twenty-day period he shall be conclusively presumed to have consented to the merger . . ., and shall be bound by the terms thereof."

ing Company *which will be the surviving corporation.*" (Emphasis supplied.) And further, "Its name [Conshohocken Printing Company] will be changed to Recorder Publishing Company." [2]

On October 15, 1946, eight days after the merger plan was approved by the shareholders over plaintiff's objection, he sent two letters by registered mail, one addressed "Recorder Publishing Company, 100 West Hector Street, Conshohocken, Pennsylvania," and the other addressed "Conshohocken Printing Company, 100 West Hector Street, Conshohocken, Pennsylvania." The return receipt for each of these was signed by the same person, M. C. Zinni. Each letter made written demand for the payment of the fair value of the plaintiff's shares in the Recorder Publishing Company. [3] Thus the "surviving corporation" received the written demand, though the name of the surviving corporation was changed to "Recorder Publishing Company." Each letter went to the same address, and it is not claimed that the "surviving corporation" did not receive it.

The narrow issue was the construction of the phrase in the statute that the dissenting shareholder, *"within twenty days after the merger or consolidation was effected,* shall also make written demand on the surviving . . . corporation for the payment of the fair value of his shares. . . .*" (Emphasis supplied.) Under § 906 of the Act (15 PS § 2852-906) such a merger is effective upon the issuance of the certificate of merger by the Department of State. Though the merger plan was approved on October 7, 1946, the articles of merger were not promptly filed, and the certificate of merger did not issue until November 27, 1946, which was 42 days after the petitioner's written demand was received. The court below held that the requirement of making written de-

---

[2] Paragraph 1, Introductory Statement, and paragraph 4, of Merger Plan.

[3] The respective letters were each dated October 7, but they were not signed nor mailed until after the merger plan had been approved.

mand "within twenty days after the merger . . . was effected" fixed *both the beginning and the end* of the period of time in which it must be done. The phrase was construed as meaning *"during* the next twenty days" after the merger was effected. Plaintiff's petition was therefore dismissed because "the plaintiff did not strictly pursue his statutory remedy and procedure," the court relying on *Era Company, Ltd. v. Pittsburgh Consolidation Coal Company,* 355 Pa. 219, 49 A. 2d 342.

But here the inquiry concerns the *construction* of the statutory requirements and not merely compliance. The Act calls on him to make written demand *"within* twenty days" after the merger was effected. The word "within" has a number of meanings which are set forth in the various dictionaries and in the judicial decisions collected in 45 Words and Phrases, beginning at page 378. While *one* of the meanings is to fix both the beginning and the end of the period of time in which to act, another meaning, well-recognized, is synonymous with "not later than," or "any time before," or "before the expiration of." In this sense it fixes *the end* but *not the beginning* of the period. See *Schlein v. Gairoard,* 127 N. J. L. 358, 22 A. 2d 539; *Jensen et al. v. Nelson et al.* (Iowa), 19 N. W. 2d 596. We think that undoubtedly the word "within" as used in § 908 of the Business Corporation Law, carried the latter meaning, and fixed, not the beginning but merely the end of the period in which to act, and that the written demand must be made "not later than," or "before the expiration of," the twenty day period.

Such construction seems inescapable when the merger provisions of the Act are examined. There is no requirement that the articles of merger be filed at any particular time after the approval of the shareholders. Apparently it could as well be done a year or more after the shareholder's approval. The only limitations on the time to file would be under some rule made by the Department of State and not the Legislature; or the appli-

cation of the doctrine of abandonment. There is no provision in the Act for specific notice to dissenting shareholders that the plan is filed, and by § 904 (15 PS § 2852-904) the only requirement is that "The corporation shall advertise its intention to file articles of merger . . . with the Department of State . . . . [which advertisement] shall appear *at least three days prior* to the day on which the articles of merger . . . are presented to the Department of State. . . ." (Emphasis supplied.)

Where a statute is fairly susceptible of two different constructions the court may properly consider the injustice, unreasonableness and inconvenience that would follow one of the constructions contended for: *Toffalori v. Donatelli Granite Co. et al.*, 157 Pa. Superior Ct. 311, 43 A. 2d 584; *Spigelmire v. North Braddock School District*, 352 Pa. 504, 43 A. 2d 229; *Pittsburgh v. Allegheny County*, 351 Pa. 345, 41 A. 2d 639. It must be presumed that the Legislature did not intend a result that is absurd, impossible of execution or unreasonable: *Pooler v. Grasselli Chemical Co.*, 150 Pa. Superior Ct. 595, 29 A. 2d 212; *Commonwealth v. Peoples et al.*, 345 Pa. 576, 28 A. 2d 792; *Staller v. Staller et al.*, 144 Pa. Superior Ct. 83, 18 A. 2d 537, aff. 343 Pa. 86, 21 A. 2d 16; *Watson v. Witkin et al.*, 343 Pa. 1, 22 A. 2d 17. See also § 52 of the Statutory Construction Act (46 PS § 552).

The plaintiff was therefore entitled to make written demand for the payment of the value of his shares at any time *after* the shareholders had approved the plan of merger, and *before* the expiration of twenty days after the merger was effected by the approval certificate from the Department of State.

It was argued that plaintiff's written demand was not made, as required by the statute, upon the "surviving corporation" because there was no "surviving corporation" until the merger was effected. But the plan of merger expressly provided that the Conshohocken Printing Company, *an already existing corporation*, was

to survive, i. e. continue to exist. It was in esse before, as well as after, the merger. For exactly the same reasons, and in order to escape the same unreasonable or absurd result, and to avoid the impossibility of the execution of the statutory requirement, the words "surviving corporation" mean the corporation whose existence was not to be cut off when the merger was effected according to the plan.

This is not a case of *consolidation* of two or more corporations into a new corporation (15 PS § 2852-901). In a consolidation the dissenting stockholder must make written demand "on the *new* corporation for the payment of the fair value of his shares." In such a case, literally the written demand could not be made on *the new corporation* until it came into existence by the approval of the consolidation by the Department of State. It is unnecessary to pass upon the question of whether the courts would consider that service on the whole or united units could be made by service upon each of the constituent corporations. In any event the attempted service upon a new or consolidated corporation would not fail because of the *date* of such service (if made before the approval of the consolidation), but because of *the failure* to serve the party designated to receive the demand.

The construction of the statute which we have made does not and could not injure the merged corporation. The construction we reject may inflict serious injury to a dissenting shareholder, especially when, as here, all the other shares were owned by the other merging corporation. The fact that service of a demand could not *be made* upon a consolidated corporation until after the merger was effected, is no reason to hold that the *time* of the demand must be "during the next twenty days" *after* the merger is consummated, where, as here, the party required to be served receives the actual demand *not later* than the expiration of twenty days after the merger was accomplished.

The decree of the court below is reversed with a procedendo; the appellee to pay the costs.