## Duddy, Appellant, *v.* Conshohocken Printing Company.

Argued March 21, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Harry J. Alker, Jr.,* for appellant.

*W. Wilson White,* with him *Federico F. Mauck, T. R. White* and *White, Williams & Scott,* for appellee.

OPINION BY ARNOLD, J., July 17, 1952:

Appellant was a minor shareholder in the Record Publishing Company which merged with the Conshohocken Printing Company. He objected to the merger[1] and petitioned the Court of Common Pleas of Montgomery County, in equity, for an appraisement of the fair value of his shares under §908 of the Business Corporation Law, as amended, 15 PS §2852-908. That court appointed appraisers whose report of the fair value was approved by the court, and the plaintiff appealed. The Act involved provides: ". . . The award of the appraisers . . . shall be submitted to the court [of common pleas] for determination, and *the judgment of the court thereon shall be final and conclusive . . .* The rights and remedies at law or in equity . . . shall be limited to those prescribed under this section, and . . . shall be exclusive . . ." (Italics supplied).

The appellate courts have declared the limits of their review under similar provisions of other statutes. In *Grime et al. v. Department of Public Instruction of Commonwealth of Pennsylvania,* 324 Pa. 371, 375, 188 A. 337, where the statute provided that "the action of that court [below] shall be final," the Supreme Court held: ". . . where [in a statute] an appeal is expressly denied or *it is provided that the action of the*

---

[1] The facts surrounding this litigation are set forth in full in *Duddy v. Conshohocken Printing Company,* 163 Pa. Superior Ct. 150, 60 A. 2d 394.

*court below shall be final,* our appellate review will be limited to questions of jurisdiction and those relating to the regularity of the proceedings . . ." (Italics supplied). See also *Kaufman Construction Company v. Holcomb et al.,* 357 Pa. 514, 55 A. 2d 534.

The appellant admits that the court below had jurisdiction. It is also admitted that full testimony was taken to determine the fair value of the stock, and there is nothing in the record disclosing any irregularity of the proceedings, nor is this claimed. Appellant complains that the appraisers did not properly exercise their discretion, apparently on the theory that the appraisers did not accept appellant's evidence. The credibility of the witnesses was for the appraisers and the court below. There is no merit to the complaint that the court in its opinion did not set forth all the details leading to its conclusion. In this type of case it is indeed questionable whether the court has to do anything more than approve the report, or, if it rejects the report, then to remand to the appraisers, with directions.

The fact that petitioner filed a bill in equity for appraisers does not change the situation, for the statute so provides. The statutory provisions are binding whatever action is brought, for the remedy is exclusive.

Where a *voluntary* contract of arbitration is made providing that the award shall be final, the courts, in the absence of fraud, will not inquire whether the award was warranted by the evidence: *Huckestein & Co. v. J. Kaufman & Bros.,* 173 Pa. 199, 33 A. 1028. In the instant case the statute made the contract, which had to be accepted according to all of its terms;[2] and provided that the award was final. It cannot be impeached

---

[2] Cf. *Gaspero v. Gentile et al.,* 160 Pa. Superior Ct. 276, 50 A. 2d 754.

because of disappointment but only for fraud,—and this is not alleged in the instant case.

Judgment affirmed.