Commonwealth v. Kovaco

*Martin H. Lock*, District Attorney, for Commonwealth.

*James W. Evans*, for defendant.

SHELLEY, J., August 8, 1960.—This matter comes before us on defendant's motion to quash an indictment returned against him wherein he was charged with a violation of the Professional Bondsman Act of August 21, 1953, P. L. 1237, 19 PS §90.1, et seq., pocket part.

The indictment charges that defendant "did unlawfully engage in business as a professional bondsman without being registered and licensed as required by law in that he . . . became surety . . . within a period of less than thirty (30) days for the release on bail in three cases not arising out of the same transaction."

Defendant raises the question as to whether or not what he did amounts to an indictable offense.

Section 2 of the Act of August 21, 1953, supra, provides that "No professional bondsman shall hereafter become surety on any undertaking, and no person shall hereafter engage in or continue to engage in business as a professional bondsman, until he has been registered and licensed as a professional bondsman by the Insurance Commission as hereinafter provided."

Section 1 of the Act provides that "A professional bondsman is any person, other than a fidelity or surety company or any of its officers, agents, attorneys, or employes, authorized to execute bail bonds or to solicit business on its behalf, who

"(1) engages in the business of giving bail, giving or soliciting undertakings, or giving or soliciting indemnity or counter-indemnity to sureties on undertakings; or

"(2) within a period of thirty days has become a surety, or has indemnified a surety, for the release on bail of a person, with or without a fee or compensation, or promise thereof, in three or more cases not arising out of the same transaction."

The question raised in this issue is when is a professional bondsman required to register under the act.

We are called upon to interpret the legislative intent as expressed in the act of 1953, supra. In interpreting a statute it must be construed as an integral part of the whole structure affected and not as a separate matter having an independent meaning of its own: Kearcher v. Mt. Oliver Borough Council, 363 Pa. 148 (1950).

The act of 1953, supra, is fairly susceptible to two interpretations. The Commonwealth contends that before one may lawfully enter bail a third time within a 30-day period, he is required to register as a professional bondsman. Defendant admits that he became a professional bondsman after his entry of bail on the third occasion within a 30-day period and that before he can again legally enter bail, he must register as a professional bondsman as required by the act.

Bail originally was personal. It was required that sureties be freeholders and the bailed person was released in their personal custody.

Before the enactment of the statute, an individual was permitted to engage in the business of giving bail to the extent his financial status would permit without being required to register as a professional bondsman. The legislature has placed a restriction upon the individual engaged in this business and has

declared a violation of the restriction to be criminal, i.e., the statute has made criminal an act which would otherwise be legal.

The legislature unquestionably has the power to regulate persons engaged in the business of becoming surety for the appearance of persons charged with crime and to set up reasonable standards. The act of 1953, supra, has a two-fold purpose: (1) The protection of the public against unscrupulous persons who would prey upon the misfortunes of their fellow men, and (2) to guarantee the collection of forfeited recognizances which might otherwise remain unpaid because of the financial irresponsibility of bondsmen.

Since the regulation is in derogation of the common law, the Commonwealth is bound to set up the standards in clear and unequivocal language and where two interpretations are possible, the least restrictive of otherwise legal conduct must prevail: Duddy v. Conshohocken Printing Co., 163 Pa. Superior Ct. 150 (1948).

The act defines who is a professional bondsman. He is one who either engages in the business of giving bail, etc. or within a period of 30 days becomes surety for the release on bail of a person in three or more occasions not arising out of the same transaction.

It therefore follows that defendant has qualified as a professional bondsman when he entered bail for the third time within a 30-day period, and if he enters bail again without registering as required by the statute, he could be prosecuted for a violation thereof. We are, therefore, of the opinion that facts alleged in the indictment do not amount to an indictable offense.

### Order

And now, August 8, 1960, the indictment in this case is hereby quashed and defendant discharged from his recognizance.