## C & E Trucking Corporation, et al. *v.* Luisser.

Argued February 8, 1973, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*David J. Griffith,* with him *Harvey, Pennington, Herting and Renneisen, Ltd.,* for appellants.

*Harry P. Creveling,* for appellee.

OPINION BY JUDGE BLATT, March 9, 1973:

This case involves the sole question of whether or not interest should be allowed on workmen's compensa-

**74**

tion benefits being paid pursuant to an agreement between an employer and an employe, rather than pursuant to formal order of the Workmen's Compensation Board (Board).

Ernest Luisser (claimant) was injured in the course of his employment on July 22, 1960, when a piece of steel flew into his right eye. The claimant and the C & E Trucking Corporation (employer) thereafter entered into an agreement, and later into a supplemental agreement, with the claimant eventually executing final receipts. Subsequently, however, the claimant's eye condition worsened, and he began further proceedings before the Board. Eventually, on October 21, 1968, the parties entered into another supplemental compensation agreement providing for benefits for the loss of the use of the claimant's right eye commencing January 22, 1962. Based on this last agreement, the Board dismissed the claimant's petition then before it. The employer, however, refused to pay any interest on the back benefits, and the claimant then filed a Petition for Modification. Following a hearing on this Petition a referee awarded interest to the claimant, and this award was later affirmed by the Board. On appeal, the Board's order was upheld by the Court of Common Pleas of Lehigh County.

Section 410 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §751, read in pertinent part at the time this action was begun:[1] "Whenever any claim for compensation is presented to the board and is finally *adjudicated* in favor of the claimant, the amounts of compensation actually due at the time the first payment is made after such adjudication shall bear interest at the rate of six per centum per annum from the day such

---

[1] Section 410 has since been amended by the Act of May 1, 1972, P. L.    , Act 61.

claim is presented, and such interest shall be payable to the same persons as the compensation is payable." (Emphasis added.)

The employer argues that the use of the word "adjudicated" means that interest may be required only when the Board itself awards benefits, not when a compensation agreement has been reached between the parties. We do not agree. As the lower court stated: "To adopt the employer's argument that interest should not be paid here would, in effect, penalize an employe who reaches an agreement amicably with his employer and at the same time yield an unexpected premium to the employer under such circumstances. We see no justification for so ruling." The term "adjudicated," in this context, must refer to a final determination of a compensation claim, either by an agreement approved by the Board pursuant to Section 409 of the Workmen's Compensation Act, 77 P.S. §733, or by an order of the Board.

Although we can find no other appellate court cases directly on point, we do note that in *Pooler v. Grasselli Chemical Company*, 150 Pa. Superior Ct. 595, 29 A. 2d 212 (1942), the Court, while upholding the validity of a compensation agreement, held that it was proper to allow interest thereon. *Kessler v. North Side Packing Company*, 122 Pa. Superior Ct. 565, 186 A. 404 (1936), although not directly on point, does present a strong rationale for permitting the award of interest in a workmen's compensation case.

Section 410 of the Workmen's Compensation Act clearly indicates an intention to permit interest to be paid on workmen's compensation awards, and it would seem unreasonable to permit interest on awards made specifically by the Board while denying it in cases where compensation agreements are reached. The assessment of interest on compensation is intended to be a penalty for failure to make prompt payment and to

compensate the claimant for the loss of use of the money during the period of the delay in the payment thereof. By signing an agreement providing for compensation as of an earlier date, an employer is admitting that such compensation was due on that earlier date. It is therefore only reasonable that interest be required thereon unless the parties specifically provide otherwise in the agreement.

For the above reasons, therefore, we affirm the order of the lower court.