## Lushen v. Peters Township
## School District

Before Sweet, P. J., Gladden and Simmons, JJ.

*George E. Anthou,* for plaintiff.
*Reed B. Day,* for defendant.

SIMMONS, J., March 4, 1974.—This proceeding commenced as a complaint in assumpsit filed by plaintiff seeking repayment of tuition from defendant school district.

Plaintiff and his former wife, Dorothy Lushen, are the parents of a child, Annette.

In January 1971, plaintiff informed the school district that he and his wife were about to separate and that his wife would live outside of the school district with their child. He requested that the child be permitted to continue as a pupil in defendant school district's Venetia school. Defendant school district has a regulation, designated as no. 5118, which permits the children of families who move out of the

district to continue to attend the district schools until the end of the school year upon the request of the parents. The district also agrees to waive any tuition after April 1st of the year in which relocation occurs.

Plaintiff has admitted in paragraph 11 of the answer to new matter that his former wife, Dorothy, and their child, Annette, moved from Peters Township on February 8, 1971, with the intention of changing her domicile and the domicile of their child, Annette, in anticipation of a pending divorce proceeding. Plaintiff commenced an action of divorce against his wife, Dorothy, on February 19, 1971, and the decree of divorce was entered by this court on May 10, 1971.

On March 11, 1971, defendant school district sent a bill for 15 days' tuition for February in the amount of $51 and on April 5, 1971, they sent a bill for 21 days in March amounting to $71.76 for a total of $122.76.

Plaintiff paid the billing under what he described as protest and commenced this complaint in assumpsit for recovery of the sums.

Defendant school district filed preliminary objections to the complaint in the nature of a demurrer.

These preliminary objections were argued before this court and in an opinion and order by Judge Curran on November 29, 1971, the court said: "If the marriage were terminated, then we would say that under the Public School Code of 1949, Section 1302, 24 P. S. Sec. 13-1302, the child could only go to that school wherein resides the parent with whom the child is living permanently." In the reply to new matter, plaintiff admitted the divorce on May 10, 1971.

Following the filing of the answer containing new matter and reply to new matter, both plaintiff and

defendant filed motions for summary judgment and in an order by Judge Curran of January 29, 1973, plaintiff's motion was granted. Defendant filed exceptions to this order and this appeal followed.

Section 1302 of the Public School Code of March 10, 1949, P. L. 30, 24 PS §13-1302, reads, in part, as follows:

"A child shall be considered a resident of the school district in which his parents or the guardian of his person resides." A literal reading of this act when applied to a case where the parents of a child are separated and/or divorced and live in different school districts would draw a conclusion that a child could have two different and separate legal residences for school purposes. However, such a conclusion would cause so many undesirable consequences as to render such an interpretation absurd. All laws should receive a sensible construction and an interpretation of a statute should not lead to injustice, oppression, or absurd consequences which would have the effect of defeating its purpose. See Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551; McGregor Estate v. Young Township, 350 Pa. 93; Commonwealth ex rel. Duff v. Eichmann, 353 Pa. 301; Duddy v. Conshohocken Printing Company, 163 Pa. Superior Ct. 150.

It is plain that if a student could have two residences for school purposes, there would be created all sorts of conflicts between school districts in determining which district had proper jurisdiction over the questions of age limits, temporary residence, rights to free school privileges, assignment of pupils to schools, enforcing attendance, liability for free transportation, board and lodging, furnishing food to school children, truancy and dozens of other problems that would constantly arise under the cir-

cumstances. See 24 PS §13-1301 through 24 PS §16-1613.

The Supreme Court of Pennsylvania has held that upon the separation or divorce of the parents, a child acquires the domicile of the parent with whom he resides or to whom custody has been given. See Fossleitner Appeal, 435 Pa. 325, 334.

It is undenied that the wife, Dorothy Lushen, is the divorced parent of the subject child, and it is further admitted that the child and mother no longer live in Peters Township. It follows then that the child is not a resident of Peters Township and, as a consequence, Peters Township is entitled to tuition for furnishing said child an education during the stipulated time.

It is concluded by this court that a child is entitled to free school privileges only in the district where he resides in a case such as the one at bar.

It is the order of this court that the exceptions of defendant are sustained, the order of Judge Curran is reversed, and summary judgment is entered for defendant.