## Hughes's Administrator *versus* Peaslee.

*Testimony not noticed on error, unless certified from the court below.—
Writ of error will not lie to review award where submission is final.*

1. Where a case was submitted by agreement to the president judge for decision upon the "depositions and admitted facts," which on writ of error were not certified, the court of error will not take notice of them: especially where the submission did not stipulate for a writ of error to either party.

2. But where the submission was final, a writ of error will not lie to the award of the referee, nor can he seal a bill of exceptions to evidence to place it before a court of error.

ERROR to the Common Pleas of *Cumberland county*.

This was an action of *assumpsit* by John C. Peaslee against William H. Miller, administrator of William Hughes, in which the following agreement was made by the counsel for the parties:—

"March 10th 1865. It is agreed that this case shall be submitted to his Honour, Judge Graham, upon the depositions and admitted facts, he to render such judgment therein as he shall consider right and proper. The judgment so entered to have the same effect as if entered on a verdict of a jury finding the facts."

March 25th 1865, judgment was entered for plaintiff for $296.67, which was the error assigned by the defendant. The "depositions and admitted facts" were not brought up with the record.

*H. Newsham* and *William H. Miller*, for plaintiff in error.

*Penrose & Hays*, for defendants.

PER CURIAM.—The parties agreed to submit their case to Judge Graham, to decide it upon "depositions and admitted facts," that are not certified to us under any bill of exceptions, and of which therefore we can take no notice. Nor did the submission stipulate for a writ of error by either party.

Such a submission was an expeditious and convenient mode of settling the disputes of the parties, and another great merit of it is that it was final. No writ of error lies to such an award of a referee; and no bill of exceptions was or could be sealed by the referee to place the evidence before us.

The writ is quashed.