## BLAIR COUNTY.

JANUARY TERM, 1883, No. 233.          MAY 23, 1883.

# The City of Altoona *v.* James H. Irvin.

1. Error does not lie to a judgment on a case stated unless it be agreed that it shall be subject to a writ of error.

2. When a case stated contains no agreement that it shall be subject to a writ of error, but contains an agreement that "the case be stated for the opinion of the Court in the nature of a special verdict," the latter words do not change the nature of the case submitted so as to permit a writ of error to lie to the judgment.

[The City of Altoona *v.* James H. Irvin.]

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, J.J.

Error to the Court of Common Pleas of *Blair County.*

Amicable action between James H. Irvin, publisher of the "Blair County Radical," plaintiff, and the City of Altoona, defendant, to recover for the publication of a statement of receipts and expenditures of said city for the year 1882.

The case stated began as follows : "It is hereby agreed by and between the parties to the above action, that the same be entered in the said Court with like effect as if summons in assumpsit had been regularly issued at the suit of the said plaintiff and against the said defendant, and the same regularly served and properly returned to the office of the Prothonotary of said Court. And it is further hereby agreed, by and between the parties to the above-stated action, that the following case be stated for the opinion of the Court in the nature of a special verdict, and that the same shall be placed upon the argument list." The facts were then set forth, and it concluded as follows : "And also if the Court be of opinion that the plaintiff is entitled to recover upon the facts as above set forth, that then judgment shall be entered in his favor for the sum of $51 and costs."

December 28, 1882, the Court entered judgment in favor of the plaintiff for $51 and costs. Whereupon, the defendant took this writ, assigning for error the action of the Court as above.

*Wm. M. Byer* for plaintiff in error.

*Edmund Shaw* for defendant in error.

This was a submission of a question to the Court of Common Pleas of Blair County for final decision. The parties did not reserve in the case stated the right to take a writ of error. They are bound by the decision of the Court mutually chosen by them. Fuller *v.* Trevor & Another, 8 S. & R., 529 ; Hughes Admr. *v.* Peaslee, 14 Wright, 257.

OCTOBER 1, 1883.—PER CURIAM : The law is well settled that error does not lie to a judgment on a case stated, unless it be agreed that it shall be subject to a writ of error : Fuller *v.* Trevor *et al.*, 8 S. & R., 529 ; Hughes Admr. *v* Peaslee, 14 Wright, 257. This was a case stated. The agreement sets forth the facts, and expressly declares

[Huselton *et al. v.* Weisman.]

that "the following case be stated for the opinion of the Court." It is true it adds "in the nature of a special verdict;" but that does not change the nature of the case submitted, nor the conclusive effect of the judgment. The facts are agreed upon. The agreement concludes by saying: "If the Court be of opinion that the plaintiff is entitled to recover upon the facts as above set forth, then judgment shall be entered in his favor for the sum of $51 and costs." There is no agreement that the judgment shall be subject to a writ of error. There is no reservation of any such right. The Court, in pursuance of the case stated, entered judgment in favor of the plaintiff below for the sum specified. To that judgment, no writ of error lies, therefore

　　　　　　　　　　　Writ of error quashed.