# Pinkney *v.* Erie R. R. Co., Appellant.

*Appeal—Judgment—Case stated — Public policy — Workmen's compensation—Lump sum—Act of June 2, 1915, P. L. 736.*

1. A judgment entered by the court below upon an agreed statement of facts, cannot be reviewed by the appellate courts unless a right of appeal is reserved.

2. In such an agreement the judgment provided for should not be antagonistic to the public policy of the State.

3. Semble, the public policy of the State, as expressed ·in' the Workmen's Compensation Act of June 2, 1915, P. L. 736, forbids settlements and agreements of settlement for a gross sum, for injuries or death to employees who are subject to the provisions of the act, unless upon petition for and approval thereof in the manner prescribed therein.

Argued February 23, 1920. Appeal, No. 60, Jan. T., 1920, by defendant, from judgment of C. P. Wayne Co., March T., 1917, No. 202, for plaintiff, on agreed statement of facts, in case of May Pinkney, Administratrix of the estate of Robert P. Pinkney, deceased, v. Erie Railroad Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Appeal quashed.

Trespass to recover damages for death of plaintiff's husband. Before SHULL, P. J., specially presiding.

The case was submitted to the court on an agreed statement of facts. No right of appeal was reserved in the agreement. The court entered judgment for plaintiff for $9,000. Defendant appealed.

*Error assigned* was the judgment of the court.

*R. H. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellant.

*Chas. A. McCarty,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, March 15, 1920:

Robert P. Pinkney, whose administratrix is plaintiff in this case, died as the result of an injury received in the course of his employment by defendant, a common carrier of both interstate and intrastate commerce. She brought suit under the Federal Employers' Liability Acts of April 22, 1908, and April 5, 1910, alleging the injury occurred while he was engaged in interstate commerce, and the only defense to the action was that he was then engaged in intrastate commerce. The parties agreed upon the facts and submitted the matter to the court with direction that, if her contention was correct, judgment should be entered in her favor for $9,000, otherwise judgment should be entered for her for $3,000 only. The court below entered a judgment for $9,000 and defendant prosecutes this appeal, which must be quashed because the right thereto was not reserved in the agreement: Fuller v. Trevoir, 8 S. & R. 529; Wilson v. Com., 3 P. & W. 531; Hughes's Administrator v. Peaslee, 50 Pa. 257; City of Altoona v. Irvin, 3 Penny. 115; Com. v. Callahan, 153 Pa. 625.

Ordinarily our duty would end at this point, but we are impelled to declare the provision for the alternative judgment of $3,000 meets with our decided disapproval, because contrary to the public policy of the State. As the only question in issue was whether or not Pinkney was injured while engaged in interstate commerce, a decision against that view would naturally have resulted in a judgment for defendant, for the Acts of Congress would not apply unless he was so engaged. The record fails to disclose why, instead thereof, the alternative form under consideration was adopted; but it was stated at bar the sum of $3,000 was agreed upon because it was about the amount plaintiff and her children would have been entitled to receive under the Workmen's Compensation Act of June 2, 1915, P. L. 736. Such a judgment, however, would have been in direct antagonism to the provisions of this act, which continued the public

policy appearing in prior statutes, by which, in this class of cases, recovery was allowed to a decedent's widow and dependents, in relief of the public which otherwise might have to support them, and not to his creditors; and, in order to make as certain as might be that they would not become a public charge (owing to a dissipation of the fund in the payment of excessive counsel fees and by useless expenditures, as had been only too common theretofore), it further provided that the amount due by the employer should not be paid in gross but in three hundred weekly installments, and thereafter until the children, if any, should reach sixteen years of age, adding (section 410) that "any agreement......permitting a commutation of payments contrary to the provisions of this act, or varying......the period during which compensation shall be payable as provided in this act, shall be wholly null and void." Here, all these wise provisions were disregarded in the event it was held decedent was injured in intrastate commerce, and hence it is a grave question whether or not the courts would not have been compelled to quash the case stated rather than enter judgment for a gross sum in favor of the administratrix. Enough has been said, however, to advise other litigants of the difficulties they will certainly encounter, and of the losses they may suffer, by entering into agreements in violation of the public policy of the State.

The appeal in this case is quashed.