# Zimmerman & Co., Appellants, *v.* The Somerset Mutual Fire Insurance Co.

*Case stated—Reservation of right of appeal.*

Where there is no reservation of a right of appeal in a case stated, the decision of the lower court is final, and an appeal to the Superior Court will be quashed.

Argued April 13, 1927. Appeal No. 123, April T., 1927, by plaintiff from judgment of C. P. Somerset County, February T., 1926, No. 145, in the case of A. W. Zimmerman & Co. v. The Somerset Mutual Fire Insurance Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Case stated to determine amount due on policy of insurance. Before BERKEY, P. J.

From the case stated it appeared that the plaintiff was the holder of a policy of insurance in a mutual insurance company, and that certain assessments were due and owing at the time that the fire occurred which destroyed the property of the plaintiff. The Court was asked to construe the provisions of the policy relating to payment of assessments. No reservation of a right of appeal or certiorari appeared in the case stated. The Court entered judgment for defendant. Plaintiffs appealed.

*Error assigned* was the judgment of the Court.

*C. W. Walker,* and with him *E. O. Kooser,* for appellant.

*Charles F. Uhl,* of *Uhl & Ealy,* for appellee.

PER CURIAM, April 27, 1927:

This appeal is from judgment entered in the court below pursuant to authority conferred in a case stated

submitted by the parties, for the opinion of that court. Neither party reserved the right to appeal in the event of an adverse judgment.

It has long been the law that no appeal lies from a judgment so entered unless the right to appeal is reserved in the case stated: Fuller v. Trevoir, 8 S. & R. 529; Hughes' Admr. v. Peaslee, 50 Pa. 257; Commonwealth v. Callahan, 153 Pa. 625. As the parties agreed to be bound by the judgment entered below, this court cannot entertain the appeal. We may say, however, that we have examined the case on its merits and find it properly decided.

The appeal quashed because no right to appeal was reserved.