Blair, Jr., Appellant, *v.* Laughead.

408

Argued November 22, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ.

*William C. Alexander*, for appellant.

*Morton Z. Paul*, for appellee.

Opinion by Cunningham, J., March 3, 1933:
Appellant was plaintiff below in an action of as-
sumpsit based upon an alleged oral contract for the
payment to him by defendant of wages, at the rate
of $35 per week, in lieu of compensation for an injury
alleged to have been received in the course of his em-
ployment with defendant. He recovered a verdict for
$2,278, but the trial judge granted defendant's motion
for judgment in his favor upon the whole record, not-
withstanding the verdict, and plaintiff now appeals
from the judgment thus entered against him.

The controlling question in the case is one of law, viz; whether the contract, as pleaded and testified to, by plaintiff is enforceable. In his statement of claim, plaintiff averred that he was an electrician and was employed as such by the defendant prior to December 11, 1928; that "while engaged in his regular employment" on that day, he, "at the special request of [defendant], ......attempted to crank the Ford belonging to the said defendant"; and that while thus engaged defendant "advanced the spark, causing the said cranking lever to rebound breaking the arm of [plaintiff]."

The fourth paragraph of the statement reads: "That on December 15, 1928, the [defendant] stated to the [plaintiff] that he did not have compensation insurance and requested the [plaintiff] not to put any claim in to the compensation board, stating to the [plaintiff] that if the [plaintiff] did not claim compensation the [defendant] would pay [plaintiff] the amount of his doctor and medical bills and would also pay him in lieu of compensation, wages in the sum of Thirty-five dollars ($35) per week, and the [plaintiff] was to continue in the employ of the said defendant and perform such work as the [plaintiff] was able to perform, and that the [defendant] would continue to pay the sum of Thirty-five dollars ($35) per week until the [plaintiff] recovered from said injury." It was further averred that plaintiff, relying upon the promises of defendant, did not then make a claim for compensation but continued in the employ of defendant, performing such work as he was able, until January 11, 1930, when he was discharged, although his arm had not healed. Other averments were to the effect that plaintiff contracted bills for medical attendance to the amount of $91; that defendant paid him $35 a week until July 31, 1929, and subsequently paid him specified sums, approximating $25 a week, until January 11, 1930, but has paid him nothing since

that date; and that plaintiff, being unable to work by reason of his injury, was entitled to recover wages, as specified in the alleged contract, up to the date of suit, together with his medical bills. Defendant, in his affidavit of defense and testimony, denied specifically the making of the contract sued upon, averred he was carrying compensation insurance in December, 1928, and asserted plaintiff neither gave him notice of the alleged accident nor made any claim to him for compensation until December 23, 1929. It was conclusively shown that defendant was protected by compensation insurance and promptly referred plaintiff's claim to the carrier. On June 13, 1930, plaintiff filed his claim petition with the compensation authorities, but the referee, on December 3, 1930, disallowed compensation because the claim was not filed within one year after the alleged accident. This suit followed on January 3, 1931.

It was an open question, under the evidence, whether plaintiff's injuries were received while cranking defendant's truck in December, 1928, or through his efforts to knock a panel out of a door with his fist, in the spring of 1929.

Plaintiff's testimony relative to the making of the contract reads: "Well, I got hurt on a Tuesday, and on a Saturday, on pay day Mr. Laughead told me he didn't carry no compensation, he said the insurance had lapsed, he had taken out insurance, but it was lapsed, the premium was not paid on it. He said, 'I'm going to tell you what I'll do, if you don't leave it out that you got hurt while working for me, I'll pay you $35 a week and your medicine and doctor bill.' He said, 'I won't fire you at all, you just do what you can do with one hand.' "

As stated, the clear weight of the testimony was that defendant was carrying compensation insurance, but, notwithstanding the absurdity of the proposition that defendant would agree to pay plaintiff $35 a

week when the most he would be entitled to under our compensation law would be $15 a week, the verdict indicates the jury must have concluded defendant made the contract set up by plaintiff. That question was necessarily for them and, if the contract is legally enforceable, plaintiff is entitled to the full benefit of the finding.

Defendant presented a point for binding instructions upon the ground that the contract, as pleaded and testified to by plaintiff, was "wholly null and void," by reason of the provisions of our Workmen's Compensation Act of 1915, as amended, and particularly Section 407 thereof, as amended by the Act of June 26, 1919, P. L. 642, 660.

Assuming, as we must under the verdict, that plaintiff received his injuries by an accident in the course of his employment with defendant, and that the contract was made in the terms pleaded and testified to by plaintiff, there was neither averment nor proof that either party had rejected Article III by serving upon the other an "express statement in writing" that the provisions of that article should not apply to their contract of hiring. Plaintiff, having taken no steps to exclude his employment from falling under the act, was subject to all its provisions: Welsch v. Pittsburgh T. Coal Corp. 303 Pa. 405, 154 A. 716.

Section 407 provides: "On or after the tenth day after any accident shall have occurred, the employer and the employee or his dependents may agree upon the compensation payable to the employee or his dependents under this act; but any agreement made prior to the tenth day after the accident shall have occurred, or permitting a commutation of payments contrary to the provisions of this act, or varying the amount to be paid or the period during which compensation shall be payable as provided in this act, shall be wholly null and void. All agreements made in ac-

cordance with the provisions of this section shall be in writing and signed by all parties in interest.'"

The contract upon which plaintiff relies was not in writing; it was made on the fourth day after the accident and the amount to be paid thereunder varied from the compensation specified by the act, as did also the period during which payments were to be made.

But counsel for plaintiff contends the provisions of the compensation act, to which we have referred, do not apply in this case because this is not an action in trespass to recover damages resulting from the accident, but a suit for wages which defendant independently agreed to pay.

This argument is not convincing. In the course of his opinion sustaining defendant's motion for judgment n. o. v., the learned trial judge, McPherson, President Judge of the 51st Judicial District, specially presiding, said: "From the statement of claim and from the evidence introduced, it also seems clear to us that the purpose of the contract, as alleged by the plaintiff, was to secure to the plaintiff a compensation for his injuries allegedly received while in the employ of the defendant and in the course of such employment. If no accident had been suffered, according to the plaintiff's allegation and proof, there certainly would have been no reason for the making of this contract, nor would such contract have been entered into. Indeed, one of the considerations moving from the plaintiff to the defendant was the former's agreement not to file a claim before the compensation board for compensation under the law. Another feature of the contract which would indicate that the compensation for the injury was the subject-matter thereof, at least in part, was that portion of the contract under which the [dependant] was alleged to have agreed to pay not only for work done at a certain wage, but also to compensate the plaintiff for all obligations incurred by him in the treatment of the injury

received until he had fully recovered. The contract then being related to and disposing of the obligation of the defendant and the benefit of the plaintiff arising from the workmen's compensation law in view of the alleged accident to the plaintiff, it is subject to the terms of that law and offends against Sec. 407 thereof.''

We may add that plaintiff expressly averred in his statement of claim that the money sued for was to be paid "in lieu of compensation," and until he "recovered from said injury."

In our opinion, the agreement was one between parties subject to the compensation act, and, as it related to compensation for an accidental injury to the employe, its validity must be tested by the provisions of section 407. Measured by that test it is, in the language of the section, "wholly null and void."

The assignments allege error in entering judgment for the defendant; they are without merit and must be overruled.

Judgment affirmed.