Bair, Appellant, *v.* Susquehanna Collieries Company.

Argued May 24, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Paul H. Rhoads,* with him *John Fox Weiss,* of *Weiss & Rhoads, Carl F. Chronister* and *Samuel A. Schreckengaust, Jr.,* for appellant.

*T. G. Wadzinski,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 19, 1939:

This is an action of assumpsit. Defendant filed an affidavit of defense raising questions of law. The court entered judgment for defendant. Plaintiff appeals.

The statement of claim set forth that plaintiff was employed as a laborer for defendant in its colliery and on August 11, 1926, was accidently injured, and therefore entitled to compensation; a hearing was held before the compensation referee and, at the hearing, defendant was represented by an attorney; after the hearing, plaintiff advised the attorney that he thought he should be paid $3,000, demanded that sum and the attorney promised and stated to plaintiff that if he would accept a sum less than $3,000, to be fixed by the referee, and would not appeal from the award, defendant would give plaintiff employment as long as he was able to do any work; the referee awarded compensation to plaintiff at the rate of $12 per week for 75 weeks, or a total of $900, whereas under the Workmen's Compensation Act plaintiff was legally entitled to receive an award of $12 per week for a period of 150 weeks, or a total of $1,800; the offer made by defendant's attorney that it would employ plaintiff as long as he was able to work was subsequently confirmed by a written promise to that effect, which was sent by defendant to plaintiff; the paper, which stated that defendant would employ plaintiff, was delivered by him to the head foreman of the colliery in which plaintiff worked and defendant has refused to surrender it, although plaintiff has made the request; plaintiff accepted the offer of the defendant by not appealing from the compensation award; plaintiff was retained in defendant's employ until December 15, 1934, when he was discharged without cause and defendant has since refused to employ him, but has employed others to do work which he was able to do. The sum of $5,109.48, with interest,

was claimed, based upon the weekly wages of $30.78 from December 15, 1934, to the time of suit brought.

The position taken by defendant in its affidavit of defense, and relied upon before us, is that the alleged contract, upon which plaintiff bases his cause of action, is null and void under the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS Sec. 1 et seq., which was in effect at the time the alleged contract was entered into. Section 407 of the act provides: "On or after the tenth day after any accident shall have occurred, the employer and employe or his dependents may agree upon the compensation payable to the employe or his dependents under this act; but any agreement made prior to the tenth day after the accident shall have occurred, or permitting a commutation of payments contrary to the provisions of this act, or varying the amount to be paid or the period during which compensation shall be payable as provided in this act, shall be wholly null and void." We thus see that an agreement permitting a commutation of payments contrary to the provisions of the act or varying the amount to be paid or the period during which compensation shall be payable "shall be wholly null and void."

The alleged agreement sued on was unenforceable, as expressly provided by law: *Hazle Drug Co., Inc. v. Wilner,* 284 Pa. 361, 131 A. 286; *Blair v. Laughead,* 108 Pa. Superior Ct. 407, 165 A. 58. In the latter case, the plaintiff was injured while in the employ of the defendant and agreed not to file a petition for compensation on defendant's promise to give him lifetime employment.

The public policy of the State as expressed in the Workmen's Compensation Act forbids agreements of settlement unless executed as prescribed and an injured workman can recover from his employer only in the manner provided for in the act: *Pinkney v. Erie R. R. Co.,* 266 Pa. 566, 109 A. 700; *Welsch v. Pittsburgh Terminal Coal Corp.,* 303 Pa. 405, 154 A.

716. As was said by the Supreme Court of Texas in *Woolsey v. Panhandle Refining Co.,* 116 S. W. (2) 675, 678, 131 Tex. 449: "Refusing to enforce the agreement of settlement involved here will be far less disastrous to the great army of employees operating under this statute than to hold that under the law an employee and an employer can contract away the rights of the employee."

Plaintiff further contends that, even if the contract is in violation of section 407, it should nevertheless be enforced under the principle enunciated in section 601 of the Restatement, Contracts, "If refusal to enforce or to rescind an illegal bargain would produce a harmful effect on parties for whose protection the law making the bargain illegal exists, enforcement or rescission, whichever is appropriate is allowed." This legal principle has no application, because the contract is declared by the act to be "wholly null and void," which means that it is void for all purposes. To adopt plaintiff's view, would be to ignore the legislative mandate: *Ashland Lumber Co. v. Detroit Salt Co.,* 114 Wis. 66, 89 N. W. 904.

It is also urged by plaintiff that defendant should be estopped from raising the question of illegality. The doctrine of estoppel has no application.

To what has already been said, we may add the plaintiff could not recover under the principle set forth in *Seiss v. McClintic-Marshall Corp.,* 324 Pa. 201, 188 A. 109.

Judgment affirmed.