## Busch *v.* Jones & Laughlin Steel Corporation, Appellant.

Argued April 17, 1942.

Before KELLER, P. J.,

CUNNINGHAM, BALDRIGE, HIRT and KENWORTHEY, JJ.

*William A. Challener, Jr.,* with him *Frank McC. Painter* and *William A. Challener,* for appellant.

*Fred J. Jordan,* with him *Murray J. Jordan,* for appellee.

OPINION BY KENWORTHEY, J., July 23, 1942:

This is a workmen's compensation case. The employer has appealed from an order of the referee affirmed by the board and the court modifying an earlier award by increasing the amount of compensation. The dates in the history of the case are important.

On March 9, 1933, claimant, the widow of Clarence F. Busch, filed a petition for compensation for herself and four dependent children. The petition alleged that Busch had met his death as a result of an accident in the course of his employment on January 25, 1933. The full record of the hearing is not before us, but it appears from the referee's findings of fact and discussion that the principal dispute was whether Busch died from monoxide poisoning or from an attack of angina pectoris. The only portion of the record which has been printed comprises a statement by the referee that the parties were agreed on the following facts: (1) Employment; (2) the parties were bound by Article

III of the Workmen's Compensation Act (Act of June 2, 1915, P. L. 736); (3) Busch died on January 25, 1933, at defendant's southside plant; and (4) the average weekly wage "for compensation purposes" was $14 per week. The referee resolved the principal issue of fact in favor of claimant, and made an award of compensation at a rate based on the weekly wage of $14 per week. On appeal by defendant, the board affirmed.

The full compensation provided by this award has been paid.

On July 15, 1938, and before all compensation had been paid, claimant filed a "Petition for Termination or Modification of Agreement or Award on Ground of Changed Disability." The only ground alleged was: "The wage base on my case was computed wrong, and the agreement on page 3 of the testimony, that the wages were $14 per week, is wrong." After denying this allegation, the answer averred that the petition was filed too late.

The only evidence offered was a record of Busch's earnings which shows that, during the six-months' period immediately preceding the accident, he worked a total of thirty-nine and a half days and earned a total of $175.24. The referee, applying the formula adopted in *Romig v. Champion Blower & Forge Co.*, 315 Pa. 97, 172 A. 293, divided $175.24 by 39½ days and, by multiplying the result ($4.38) by 5½, found an average weekly wage of $24.09. Pointing out that the original award was subsequent to the decision of this court in the Romig Case (April 25, 1932, 109 Pa. Superior Ct. 78, 165 A. 758) and prior to the decision of the Supreme Court reversing it (April 23, 1934), he found that the award was founded upon a mutual mistake of law. He seems to have treated the petition of July 15, 1938 as a petition to modify an *award* under the second paragraph of Sec. 413 (Act of June 2, 1915, P. L. 736, art. IV, as amended, 77 PS 772).

The board and the court below treated it as a petition to modify an *agreement* under the first paragraph of Sec. 413 (Act of June 2, 1915, P. L. 736, art. IV, as amended, 77 PS 771).

Clearly the petition of July 15, 1938 cannot be treated as a petition under the second paragraph of Sec. 413. As we so recently pointed out in *Gleyze v. Hale Coal Co.*, 149 Pa. Superior Ct. 18, 26 A. (2d) 141, that paragraph deals only with cases in which there is proof of a change in disability or dependency. And in our opinion, it cannot be maintained under the first paragraph of Sec. 413.

The first paragraph of Sec. 413 provides for the review, modification or setting aside of an *agreement*. "It has no relation to *'awards'* made by the referee or the board, following a claim petition filed by the claimant." *Ernst v. Sassaman*, 117 Pa. Superior Ct. 353, 355, 178 A. 317. And the mere fact that the wage base was stipulated by the parties during the hearing did not have the effect of making the award of August 28, 1933 an *agreement*. The term "agreement," as used in the Act, means a complete agreement voluntarily entered into and ordinarily, to come within the terms of the Act, it must be in writing and signed by all parties in interest. See Act of June 2, 1915, P. L. 736, art. IV, sec. 407, as amended, 77 PS 731. In *Kilgore v. State Workmen's Insurance Fund et al.*, 127 Pa. Superior Ct. 213, 222, 193 A. 294, the facts were peculiar. There, although proceedings to determine the extent of disability were started before the referee made any findings, the parties reached a complete agreement. President Judge KELLER, said: "But we have already pointed out that while in *form* an award, it was actually only the approval of an agreement entered into between the parties ......" (Italics supplied.) In the present case the award of the referee determined controverted issues.

The proper procedure was to file a petition for re-

hearing under Sec. 426 (Act of June 2, 1915, P. L. 736, art. IV, as amended, April 13, 1927, P. L. 186, Sec. 8; *Tinsman v. Jones & Laughlin Steel Corp.*, 118 Pa. Superior Ct. 516, 522, 180 A. 175). The claimant had ten and a half months[1] within which this could have been done after the decision of the Supreme Court in the Romig Case, supra. She waited over four years. Having slept on her rights, we are bound to hold the present claim is barred by the limitations provided by the Legislature.

Judgment is reversed and entered for defendant.

---

[1] From April 23, 1934 until March 6, 1935, which was one year after the award became final by the order of the board dismissing the original appeal.