Wahs *v.* Wolf (et al., Appellant).

Argued March 14, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*J. Webster Jones,* for appellant.

*Glen A. Troutman,* with him *Alexander F. Barbieri,* for appellee.

OPINION BY RENO, J., April 16, 1945:

The real issue presented by the record in this workmen's compensation case has been considerably beclouded by the unfortunate fact that the litigation has been before referees five times, before the board on nine occasions, and that four appeals have been taken to the court of common pleas. This appeal is by the employer's insurance carrier from an order of the court below setting aside an agreement and final receipt as an illegal compromise and entering judgment on an award secured by claimant in 1933.

On March 25, 1932, claimant suffered an injury in

the course of his employment as a polisher for Herman J. Wolf, a manufacturer of church goods. On July 12, 1933, the board set aside findings of fact by the referee that there was no causal connection between the accident and a subsequent paralysis of claimant's hands. It made an award for total disability from April 2, 1932, at the weekly rate of $10.03, with interest on overdue payments, the compensation "to continue until such time as claimant's disability ceases or changes in extent." Defendant thereupon appealed to the court of common pleas. Before the argument of the appeal, the insurance carrier's claims manager telephoned claimant's then attorney of record and proposed that defendant would withdraw its appeal if claimant would execute an agreement for compensation and a final receipt in return for payment of compensation at the rate fixed by the board from April 2, 1932, to the date upon which the appeal otherwise would be set down for argument. The attorney communicated the offer to claimant, who at that time had been out of work for a year and a half and was in dire financial circumstances, and claimant accepted, saying he believed he could return to work the following week. The insurance carrier prepared a form of agreement, No. 2893587, and a final receipt bearing the same number and forwarded them to the attorney, together with a check for $759.41, representing compensation, without interest on the overdue installments, at $10.03 for 75-5/7 weeks, or until September 14, 1933. Claimant, after being advised that he was thereby waiving his rights to future compensation, signed both documents simultaneously on September 18, 1933. The agreement recited "Able Return 9-14-33 for Herman J. Wolf at $15.44", while the final receipt contained a recital that claimant "was able to return to work on the 14th day of Sept., 1933, at a wage of $15.44 per week." Claimant has never returned to work and it was later found as a fact by the compensation authorities that he was totally dis-

abled when the receipt was signed and continued to be so at least until March 6, 1939, the last date to which findings relating to the subject were made. On September 27, 1933, defendant's appeal to the common pleas was withdrawn in accordance with the agreement.

On April 24, 1936, claimant filed a petition under §434 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §§1 et seq., to set aside the final receipt, averring that it was signed under a mistake of fact, since, contrary to the recitals, he was not able to return to work on September 14, 1933. The board held that there was no evidence to support the allegation of mistake of fact, for the reason that claimant was aware of his condition when he signed the final receipt. Upon appeal to the court below, it sustained that finding, but remanded the record with directions to consider the petition as having been filed under §407 and to determine whether the arrangement constituted in effect an illegal settlement or compromise of the claim. The board eventually dismissed the petition, finding as a fact that the agreement and final receipt did not result in a commutation of payments or a varying of the amount of compensation or the period during which it was payable. The court below, on claimant's appeal, declared the transaction a violation of §407, set aside the agreement and final receipt and entered judgment against defendant on the award.

Claimants in compensation cases are not required to observe strict rules of pleading, as it is not the policy of this court to strike down meritorious claims merely because of a failure to file a petition under the proper section of the statute. *Szymanski v. Culmerville Coal Co.,* 141 Pa. Superior Ct. 303, 14 A. 2d 565; *Lowdermilk v. Lorah,* 124 Pa. Superior Ct. 356, 188 A. 621. If the proof adduced indicates a right to relief in accordance with any of the provisions of the Act, the petition will be considered to have been brought under the appropriate section. *Huerbin v. D. L. Clark Co.,* 140

Pa. Superior Ct. 406, 14 A. 2d 175; *Nigbrowich v. State Work. Ins. Fund,* 131 Pa. Superior Ct. 532, 200 A. 282. Consequently, there was no error in directing the consideration of the petition in the light of §407 if, under the evidence, that section is germane to the controversy.

It should be observed that this case is not controlled by the principle of which the decisions in *Eberst v. Sears Roebuck & Co.,* 334 Pa. 505, 6 A. 2d 577; *Federoff v. Union Collieries Co.,* 141 Pa. Superior Ct. 308, 15 A. 2d 385; *Berkstresser v. State Work. Ins. Fund,* 140 Pa. Superior Ct. 237, 14 A. 2d 225; and *Dosen v. Union Collieries Co.,* 137 Pa. Superior Ct. 213, 8 A. 2d 442, are examples. Those cases demonstrate that the "mistake of fact" necessary to set aside a final receipt under §434 is not made out by proof merely that at the time he signed the receipt the claimant had a mistaken belief or a false hope that his physical condition was such that he could return to work. None of them, however, contains the distinguishing feature here present and which requires the application of a different section of the statute. This claimant, in common with those in the opinions cited, knew of his disability at the time he gave a final receipt, but, unlike the situation in the other cases, he had an award in his favor which was in the process of appeal when the receipt was taken. The procuring of an agreement and final receipt by an insurance carrier under those circumstances may or may not violate §407, depending upon the peculiar facts of each case.

Section 407 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by Act of June 26, 1919, P. L. 642, Article IV, §407, was in effect when claimant signed and delivered the agreement and final receipt and is therefore the statute establishing the grounds upon which they may be invalidated. *Ruby v. Hutchison,* 154 Pa. Superior Ct. 456, 36 A. 2d 244; *Uglaky v. Hudson Coal Co.,* 152 Pa. Superior Ct. 301, 31

A. 2d 743; *Benko v. Vesta Coal Co.*, 149 Pa. Superior Ct. 388, 28 A. 2d 31. So far as is material for present purposes that section of the Act provided: "On or after the tenth day after any accident shall have occurred, the employer and employe or his dependents may agree upon the compensation payable to the employe or his dependents under this act; but any agreement made prior to the tenth day after the accident shall have occurred, or permitting [sic] a commutation of payments contrary to the provisions of this act, or varying the amount to be paid or the period during which compensation shall be payable as provided in this act, shall be wholly null and void."

It is the province of the compensation authorities to resolve issues of fact, and their findings, if based on substantial competent evidence, are binding on the courts, *Bronkowski v. Colonial Colliery Co.*, 153 Pa. Superior Ct. 574, 34 A. 2d 837, but under any given state of facts, the interpretation and construction of the statute is a question of law that may be reviewed, *Hein v. Ludwig*, 118 Pa. Superior Ct. 152, 179 A. 917; *Phipps v. Greensboro Gas Co.*, 109 Pa. Superior Ct. 382, 167 A. 461, even though an erroneous conclusion of law has mistakenly been labelled a finding of fact by the referee or the board. *Carville v. Bornot & Co.*, 288 Pa. 104, 110, 135 A. 652. It follows that whether the negotiations between claimant and defendant amounted to an agreement of the kind declared void by §407 is a question of law into which we may inquire, and that we are not precluded by a supposed finding of fact to the effect that the statute was not violated.

In *Blair v. Laughead*, 108 Pa. Superior Ct. 407, 165 A. 58, the employer agreed to retain an injured workman in his employment until he had recovered from the effects of an accident, and to pay his medical expenses, in consideration of the employe's promise not to proceed under the compensation law. The contract was adjudged to be unenforceable as in direct viola-

tion of §407 of the Act. The defendant employer in *Bair v. Susquehanna Collieries Co.*, 335 Pa. 266, 6 A. 2d 779, contracted with plaintiff, an injured employe, to employ him so long as he was able to work if plaintiff would not appeal a referee's award of compensation which was smaller than the sum to which plaintiff thought himself entitled. After plaintiff performed his part of the agreement, he was denied recovery on the contract because it contravened the express interdiction of §407. This section of the statute embodies a wise public policy intended to protect compensation claimants from imposition and improvidence, in relief of the public upon whom the responsibility for their support might otherwise devolve. *Pinkney v. Erie R. R. Co.*, 266 Pa. 566, 109 A. 700. Having in mind the objectives of the provision, care must be taken to insure that its purposes are not thwarted by the use, designedly or otherwise, of circuitous devices arriving, in effect, at the prohibited result.

In the present case, negotiations for the agreement and final receipt were instituted by the insurance carrier at a time when there was outstanding the board's adverse award and an appeal was pending before the common pleas. Its offer of immediate payment of a portion of its potential liability under the award evidences the carrier's uncertainty concerning the outcome of the appeal, and that its offer of payment was conditioned upon the execution of the two instruments demonstrates that the carrier was not recognizing an existing liability for a past disability which had been terminated by a recovery from the injuries suffered. If the carrier believed it was not responsible at all for the disability its remedy was to proceed with the appeal; if it believed it was liable for the total disability up to September 14, 1933, but that thereafter there had been either a recovery or a decrease in disability, the course plainly indicated by the statute was to pay the accumulated arrearages, without imposing onerous

conditions thereto, and to secure a final receipt or to petition under the second paragraph of §413, 77 PS §772, for a modification or termination of the award. The method adopted was neither of these; it was an effort to settle a disputed liability by the present payment of a sum certain, for which the agreement and receipt were exacted, in return for the release of a contingent liability of a much larger amount. The agreement and receipt, taken together as they must be, constituted a contract between claimant and defendant whereby claimant purported to release his right to all other compensation for his injury in consideration of the lump sum offered him. The contract manifestly altered the amount for which the employer and his carrier would have been liable, if they were liable at all, and even deprived claimant of the interest accrued on his award to the date of payment. The transaction was an attempted compromise or settlement of a doubtful claim, and being "wholly null and void" the award which it was the intention to supersede remains in full vigor. That claimant, motivated no doubt by necessitous circumstances, participated in the arrangement is not material, as the Act is designed to shield him from the consequences of his own acceptance of proposals of the exact sort displayed by this record.

Judgment affirmed.