Enos *v.* Walter et al., Appellants.

Argued November 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*James F. Manley,* with him *Robert C. Little,* and *Burns & Manley,* for appellants.

*Henry G. Gress,* for appellee.

OPINION BY WRIGHT, J., December 14, 1960:

We are here concerned with the interpretation and application of several sections of the Workmen's Compensation Act.[1] The question before us is whether a petition filed by claimant on May 12, 1958, is to be considered as an original claim petition, and therefore barred by the sixteen month time limitation in Section 315, or whether it may be considered as a petition for review and reinstatement of an agreement, and therefore timely under the two year limitation in Section

---

[1] Act of June 2, 1915, P. L. 736, 77 P.S. 1 et seq.

413. Adopting the latter view, the Referee made an award, but suspended payments thereunder so long "as the claimant continues to receive a weekly wage equivalent to the weekly wage he received as of the time of his accident, or until his disability ceases". The Workmen's Compensation Board and the court below affirmed. This appeal followed.

On May 14, 1956, while Paul E. Enos, claimant, was engaged in cleaning over-head lights in Somerset Township, Somerset County, pursuant to his usual duties with his employer, Terrance L. Walter, the ladder on which claimant was standing slipped, causing him to fall. As a result, claimant's right arm and wrist were sprained, his right shoulder dislocated, and he was hospitalized. Claimant returned to work on May 21, 1956, but was compelled to cease work on June 1, 1956, because of the condition of his arm. After further treatment, he again returned to work on August 10, 1956, and continued until the employer went out of business. Claimant then secured work at the Beacon Service Station, where he is presently employed at a weekly wage equal to that he was formerly receiving. However, he still has limitation of extension and flexion in the arm, allegedly a permanent condition. A compensation agreement, No. B-565,437, was prepared by the insurance carrier under date of July 2, 1956. This agreement was signed by the employer, but not by the claimant. Nevertheless, compensation was paid to claimant at the rate of $28.56 per week beginning May 14, 1956, and ending August 10, 1956. Claimant thereafter refused to sign a final receipt.

The petition presently under consideration is captioned as follows: "Petition for review of compensation agreement and for allowance of compensation because of continued disability". Counsel for appellants moved to dismiss the petition on the ground that, not

having been signed by claimant, the compensation agreement was null and void. Claimant filed an answer alleging that the agreement "was accepted by all the parties", and that appellants "are estopped by their own acts from denying such arrangement and are responsible for the injuries resulting from the accident of May 14, 1956". To this answer, counsel for appellants filed a reply pleading the sixteen month time limitation. The referee concluded, inter alia: "That since the parties agreed upon the compensation payable to the claimant for disability resulting from his accidental injuries, and since compensation was paid to the claimant, and further that since this petition was filed within the statutory period of two years from the date the last payment was made, his petition as filed is not barred by the statute of limitations and shall be considered as a petition for review".

Section 315 of the statute (77 P.S. 602) reads in pertinent part as follows: "In cases of personal injury all claims for compensation shall be forever barred, unless, within sixteen months after the accident, the parties shall have agreed upon the compensation payable under this article; or unless within sixteen months after the accident, one of the parties shall have filed a petition as provided in article four hereof . . . Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of sixteen months from the time of the making of the most recent payment prior to date of filing such petition".

Section 413 of the statute (77 P.S. 772) reads in pertinent part as follows: "The board, or referee designated by the board, may, at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, upon proof that the disa-

bility of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased . . . Provided, That, except in the case of eye injuries, no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within two years after the date of the most recent payment of compensation made prior to the filing of such petition".

Appellants' contention is thus stated: "There is no agreement subject to suspension under the provisions of Section 413 and the petition is barred by the applicable limitation as set forth in Section 315". They rely upon the wording of Section 407 of the statute (77 P.S. 731) which reads, inter alia: "All agreements made in accordance with the provisions of this section shall be in writing, and signed by all parties in interest". The purpose of this section was to protect claimants from imposition and improvidence: *Wahs v. Wolf,* 157 Pa. Superior Ct. 181, 42 A. 2d 166. Appellants also cite *Blair v. Laughead,* 108 Pa. Superior Ct. Pa. Superior Ct. 407, 165 A. 58, and *Busch v. Jones and Laughlin Steel Corp.,* 150 Pa. Superior Ct. 48, 27 A. 2d 656, but these cases do not control the present factual situation. The *Blair* case involved an action in trespass wherein the plaintiff averred an oral contract under which he was to be paid specified weekly wages in lieu of compensation. It was held that (1) being oral, (2) having been made prior to the tenth day after the alleged accident, and (3) payments thereunder being contrary to the schedule set forth in the statute, the contract was null and void. In the *Busch* case, we said (italics supplied) : "The term 'agreement', as used in the Act, means a complete agreement voluntarily entered into and *ordinarily,* to come within the terms of the Act, it must be in writing and signed by all parties in interest".

These appellants are asserting a highly technical defense. During the period when compensation was being paid, they must have been aware of the fact that claimant had not signed the agreement. No objection was made at that time. The agreement was actually in writing and was signed and acted on by the very parties who now seek to repudiate it. To allow appellants to prevail would circumvent the avowed purposes of the statute as remedial legislation. In the words of President Judge LANSBERRY: "Unless there be a salutary reason why the failure or neglect or even refusal of this claimant to actually sign the agreement should defeat his claim if it be a just one, it would amount to a thwarting of the essential principles and philosophy of the Workmen's Compensation Act to allow this defendant and his insurance carrier, at this time and under these circumstances, to refuse to be bound by their own undertaking".

A somewhat comparable situation is found in *Pooler v. Grasselli Chemical Co.,* 150 Pa. Superior Ct. 595, 29 A. 2d 212. In that case the employer attempted to have an agreement set aside because it was executed eight days after the accident, whereas the statute then provided that an agreement entered into prior to the tenth day after the accident was null and void. Emphasizing that the purpose of this provision was to benefit the employe, not the employer, we refused to set aside the agreement. The following language in the opinion is particularly applicable in the case at bar: "It would be absurd to hold that an employer could make an agreement which in every respect complies with the provisions of the Act and then, after paying under it for a period of six months, repudiate it on the ground that it was null and void".

In summary, the agreement which had been prepared was signed by the employer and proceeded upon

by both parties. We have concluded that, in view of the particular circumstances, claimant's failure to sign the agreement does not prevent it from being subject to review and reinstatement under the provisions of Section 413. It follows that the compensation authorities did not err in holding that claimant's petition was timely filed.

Order affirmed.