## Compromise Settlements Under Workmen's Compensation Act and Occupational Disease Act

PACKEL, Attorney General, August 21, 1974.— By your memorandum of May 20, 1974, you have asked whether compromise settlement agreements of claims made under the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §1, et seq., and the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS §1201, et seq., are lawful.

It is our opinion, and you are hereby so advised, that such settlements, whether by lump sum or installment payments, are not lawful and may not be approved or condoned by your department.

The compromise settlement agreements to which we are referring are those used by employers to settle disputed cases without recourse to the full administrative processes of the acts. For example, the employer might have the injured worker, or survivor in a death case, withdraw his or her claim and have the record show that the claimant received nothing, when actually, an insurance company did pay the claimant. In another situation that commonly occurs, the insurer illegally refuses or terminates benefits while attempting to force the injured claimant to withdraw the case in return for a lump sum payment. These activities too frequently have a severe and long-lasting effect on the family of the injured worker.

For instance, a compromise settlement of a case which involves medical treatment needed in the future leaves the claimant without means of paying for that treatment.

It also allows attorneys, interested in securing a prompt and substantial fee, to receive an amount of money they would not have been permitted to collect if the case had been administered under the act. One recent application of this "system" left a disabled worker with $9,000 of the $30,000 he should have re-

ceived, from which the attorney took another $2,500 as his fee.

Compromises such as described herein, and the other types which are practiced, do not serve the claimant's best interest nor the workmen's compensation program goal of income maintenance. Low settlements and high medical costs soon force the claimant and his or her family to turn to public assistance, an alternative which the act was designed to obviate.

As explained below, these problems should not occur under both the precise language of the act and the decisions which have interpreted it.

Section 407 of the Pennsylvania Workmen's Compensation Act, 77 PS §731* reads, in part, as follows:

"On or after the seventh day after any injury shall have occurred, the employer or insurer and employee or his dependents may agree upon the compensation payable to the employee or his dependents under this act; but *any agreement* made prior to the seventh day after the injury shall have occurred, or permitting a commutation of payments contrary to the provisions of this act, or *varying the amount to be paid or the period during which compensation shall be payable as provided in this act, shall be wholly null and void.* It shall be unlawful for any employer to accept a receipt showing the payment of compensation when in fact no such payment has been made." (Emphasis added)

On the face of this section of the act, it is obvious that any agreement or settlement which would alter

---

* The Pennsylvania Occupational Disease Act, 77 PS §1304, has a substantially similar provision, and this opinion is equally applicable thereto.

the amount of compensation payable under the act is "wholly null and void." This applies to agreements to pay amounts both greater and lesser than that required: Blair, Jr., v. Laughead, 108 Pa. Superior Ct. 407 (1933). It has been argued that payments made immediately, even when lower than those allowed by law, confer a great benefit on the claimant with a questionable claim who might ultimately receive nothing through litigation. This argument, however, must yield to the clear words of the statute: Wahs v. Wolf, 157 Pa. Superior Ct. 181 (1945).

The courts of Pennsylvania have always interpreted section 407 in this manner. Beginning with the case of Riddell v. Penna. R. R. Co., 262 Pa. 582 (1919), and continuing through Temple v. Penna. Dept. of Highways et al., 445 Pa. 539 (1971), it has been repeatedly held that it is the public policy of the Commonwealth, as expressed by the language of the Workmen's Compensation Act, that employers cannot alter their liability under the act by an agreement with the employe or the estate of a deceased employe. See also Wahs v. Wolf, supra; Bair v. Susquehanna Collieries Co., 335 Pa. 266 (1939); Blair, Jr. v. Laughead, supra; Pinkney v. Erie R. R. Co., 266 Pa. 566 (1920). Given this unambiguous interpretation of a statute clear on its face, your department, through its referees or otherwise, cannot permit compromise settlements of any claim via any method or arrangement which would vary the amounts payable under the act. This is as true for agreements which would benefit an employe as it is for those which would injure him or her. Only commutations or agreements which do not deny liability and which comport with the terms of the act may be allowed by your Department.