Beatrice Marie Seeley *v.* Galeton Lumber Company and Workmen's Compensation Appeal Board. Beatrice Marie Seeley, Appellant.

Argued December 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Harold B. Fink, Jr.,* with him *Fink and Young,* for appellant.

*David A. Ody,* Assistant Attorney General, with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, February 7, 1977:

In this appeal from a decision of the Workmen's Compensation Appeal Board (Board), we are faced with the question of whether a lump-sum compromise settlement of the workmen's compensation claim of Beatrice Marie Seeley (claimant) is null and void because it violates Section 407 of The Pennsylvania Workmen's Compensation Act (Act).[1] Both the referee and the Board concluded as a matter of law that

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §731.

the agreement was prohibited.[2] We are somewhat reluctantly constrained to affirm.

Section 407 of the Act provides, in relevant part:

On or after the seventh day after any injury shall have occurred, the employer or insurer and employe or his dependents may agree upon the compensation payable to the employe or his dependents under this act; but any agreement made prior to the seventh day after the injury shall have occurred, *or* permitting a commutation of payments contrary to the provisions of this act, or varying the amount to be paid or the period during which compensation shall be payable as provided in this act, shall be wholly null and void. (Emphasis added.)

It is clear from our reading of the statute that Section 407 establishes three separate types of agreement which are null and void: (1) those entered into before the seventh day following an injury, (2) those permitting a commutation of payments contrary to the provisions of the Act, and (3) those varying the amount to be paid or the period during which compensation shall be payable.[3] The presence of these conditions, *either singly or in combination,* renders any purported agreement null and void.

While some doubt has been expressed as to whether the appellate courts of Pennsylvania have passed directly on the issue before us,[4] we find ample case au-

---

[2] Although neither the referee nor the Board specifically mentioned Section 407, it is clear that this is the basis for their rejection of the settlement. In addition, both parties have addressed themselves entirely to this issue in their briefs.

[3] *Accord, McGahen v. General Electric Co.,* 406 Pa. 57, 67, 177 A.2d 85, 90 (1962).

[4] *See, e.g.,* Stander, *The "No Compromise" Mess in Pennsylvania Workmen's Compensation,* The Legal Intelligencer, Vol. 175, No. 49, September 9, 1976.

thority for the interpretation adopted here. In *Bair
v. Susquehanna Collieries Co.*, 335 Pa. 266, 6 A.2d 779
(1939), an *employee* was prevented from enforcing a
contract whereby the employer promised to employ
him for life if the employee would agree to accept 75
weeks of compensation rather than the 150 weeks to
which he was entitled. The Pennsylvania Supreme
Court held that such an agreement violated Section
407[5] and denied recovery in assumpsit.

The Supreme Court, relying on *Bair, supra,* as-
sumed, without deciding, in *American Casualty Co. v.
Kligerman,* 365 Pa. 168, 74 A.2d 169 (1950), that Sec-
tion 407 voided agreements permitting commutation
of payments contrary to the provisions of the Act or
varying the amount of benefits to be paid. Most re-
cently, Justice BARBIERI, in *Temple v. Pennsylvania
Department of Highways,* 445 Pa. 539, 285 A.2d 137
(1971), relied on Section 407 to nullify an agreement
by which an employee agreed to take sick-leave pay
in lieu of benefits under the Act.

Claimant, however, urges us to read the word ''or,''
italicized above, as if it were conjunctive rather than
disjunctive. Claimant would thus construe Section
407 as invalidating only those agreements which were
both entered into before the seventh day following an
injury *and* which permitted either a commutation of
payments contrary to the provisions of the Act or
varied the amount to be paid or the period during
which compensation is payable. This proposed read-
ing, though plausible, would, we believe, lead to the
erroneous conclusion that the legislature did not dis-
approve of *all* agreements entered into before the
seventh day following the injury. We conclude that
the first words of Section 407 ''On or after the seventh

---

[5] Section 407 was in all respects pertinent to this appeal the
same as the present statute.

day after any injury shall have occurred'' show a clear intent to prohibit all agreements entered into during this period. Clearly then, claimant's proposed construction cannot stand.

In the case at bar, the settlement obtained by claimant's attorney provided for a $29,000 lump-sum payment to claimant in return for a release from liability. Since there is a serious issue as to whether claimant was in the course of her employment at the time she was injured, the settlement here seems eminently fair and reasonable. Unfortunately, the agreement involves a lump-sum payment which is voided by Section 407.

Lump-sum payments under Section 317 of the Act (77 P.S. §603) and commutation of payments under Section 316 (77 P.S. §604) are only permitted under circumstances which do not yet exist in the case at bar. Both Sections 316 and 317 contemplate that either an agreement (Section 407) or an award (Section 410, 77 P.S. §751) has already been made. Such agreement or award must be made in accordance with the schedules found in Section 306(a)-(d) of the Act (77 P.S. §§511-13). Since no award or agreement pursuant to those schedules has yet been made, the lump-sum payment contemplated here violates Section 407 as an attempt to commute payments, contrary to the Act, and to vary the amount and period of payments, as provided in the schedules.

We have read with considerable interest the arguments presented on behalf of compromise settlements.[6] However, since the legislature has reenacted Section 407 as recently as 1972[7] without changes which would affect the interpretations in *Bair, supra,* and *Temple,*

---

[6] Many of these arguments were presented in the article by Referee Stander, *supra* note 4.

[7] Act of March 29, 1972, P.L. 159.

*supra,* we must assume that those interpretations have been approved by the legislature. Accordingly, it is not the function of the courts to interpret the statute differently. Therefore, we enter our

ORDER

Now, this 7th day of February, 1977, the order of the Workmen's Compensation Appeal Board in the above captioned case is affirmed.