Reginald E. Green, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Roadway Express, Inc., Respondents.

Roadway Express, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Reginald E. Green, Respondents.

144

Argued March 5, 1979, before Judges CRUMLISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Ralph B. Pinskey,* for Reginald E. Green.

*Michael I. Levin,* with him *Cleckner & Fearen,* for Roadway. Express, Inc.

*Sandra S. Christianson,* Assistant Attorney General, for amicus curiae, Commonwealth.

OPINION BY JUDGE MACPHAIL, May 31, 1979:

Reginald E. Green (Green) and Roadway Express, Inc., (Roadway) appeal to this Court from a decision of the Workmen's Compensation Appeal Board (Board) vacating the referee's decision and dismissing Green's petition for commutation of workmen's compensation benefits pursuant to the provisions of

Section 412 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §791, which reads as follows:

> If any party shall desire the commutation of future installments of compensation, he shall present a petition therefor to the department to be heard and determined by a referee: Provided, That where there are no more than twenty-five weeks of compensation to be commuted, the insurer or self-insurer may commute such future installments without discount upon furnishing the employe written notice of the commutation on a form prescribed by the department, a copy of which shall be filed immediately with the department.

Both Green and Roadway argue to us that the Board's decision constituted error. They also contend that although the referee was correct in ordering commutation, he erred in ordering partial disability payments to Green to continue despite the commutation and in ordering that the commuted sum be discounted pursuant to Section 316 of the Act, 77 P.S. §604, which reads as follows:

> The compensation contemplated by this article may at any time be commuted by the board, at its then value when discounted at five per centum interest, with annual rests, upon application of either party, with due notice to the other, if it appear that such commutation will be for the best interest of the employe or the dependents of the deceased employe and that it will avoid undue expense or undue hardship to either party, or that such employe or dependent has removed or is about to remove from the United States, or that the employer has sold or otherwise disposed of the whole or greater part of his business or assets: Provid-

ed, however, That unless the employer agrees to make such commutation, the Board may require the employe or the dependents of the deceased employe to furnish proper indemnity safe-guarding the employer's rights.

Because we affirm the Board's dismissal of Green's commutation petition, we do not reach the other issues.

The facts of this case are not in dispute. On March 5, 1973, Green, while employed by Roadway, suffered a work-related injury. From that date until August 26, 1974, he received the maximum amount of workmen's compensation for total disability. His compensation was then reduced because he became employed. On December 13, 1976, Green filed a petition for commutation with the Department of Labor and Industry. No formal hearing was held on the petition. Instead, Green and Roadway stipulated to a set of facts. After an unrecorded "discussion" with Green, the referee made findings of fact and conclusions of law and ordered Roadway (1) to pay Green a commuted sum of $9,000.00 less partial disability payments made from December 15, 1976 through March 30, 1977, (2) to pay partial disability payments of $76.32 per week to Green "within the meaning and limitations of the Act," and (3) to discount the commuted payment as authorized by Section 316 of the Act. Both Green and Roadway appealed to the Board from the referee's order.

Section 407 of the Act, 77 P.S. §731, provides that

> any agreement . . . permitting a commutation of [workmen's compensation] payments contrary to the provisions of [the workmen's compensation] act, or varying the amount to be paid or the period during which compensation shall be payable as provided in this act, shall be wholly null and void.

Our courts have repeatedly held that any attempted commutation of workmen's compensation benefits which violates the Act is null and void and will not be enforced notwithstanding the desire of both employee and employer to enter such a commutation agreement. *Temple v. Pennsylvania Department of Highways,* 445 Pa. 539, 285 A.2d 137 (1971); *Bair v. Susquehanna Collieries Co.,* 335 Pa. 266, 6 A.2d 779 (1939); *Seeley v. Galeton Lumber Co.,* 28 Pa. Commonwealth Ct. 382, 369 A.2d 903 (1977). In 1974, the Attorney General of the Commonwealth issued an opinion stating that "settlements, whether by lump sum or installment payments, are not lawful and may not be approved or condoned by . . . [the] Department [of Labor and Industry]." A.G. Opinion No. 42, August 21, 1974.

The Board, here, found that the commutation sought was not a commutation of compensation due but rather a settlement of Green's compensation claim. The record in this case indicates that the Board was correct.

In his commutation petition, Green requested that the sum of $30,451.68 be reduced to $9,000.00. Nowhere in the record do the parties explain how they arrived at the $9,000.00 figure. Their stipulation to the referee stated only that such sum "is a reasonable and adequate commutation." Roadway and Green also filed a stipulation with the Board. Paragraphs 5 through 8 of the stipulation provide as follows:

5. The parties intended that the commutation effectuate *a full and complete settlement* of Reginald E. Green's claim to workmen's compensation against Roadway Express, Inc.

6. At the previously described hearing before Referee Thomas B. Noonan, Referee Noonan had the opportunity to hear from the claim-

ant himself that he fully understood the consequences of the commutation and that it would be a *full and complete release of his claim to further compensation* and that he felt that the granting of the commutation was in his own best interest.

7. Roadway Express, Inc., *agreed not to contest the commutation petition upon the assumption that if the petition were granted, the commutation would operate as a full and complete release* of Roadway Express's liability to Reginald E. Green as a result of his injury sustained during the course of his employment on March 5, 1973.

8. *The intent of the parties that the commutation act as a full and complete settlement and release of all claims* against Roadway Express, Inc., by Reginald E. Green, is *evidenced by a release* signed by Reginald E. Green, a copy of which is attached hereto and made a part hereof by reference. (Emphasis added.)

Attached to the stipulation is the document signed by Green purporting to release Roadway "from any and all claims which Green had, has or might have against Roadway as a result of said accident, for the sum of Nine Thousand Dollars ($9,000). . . ." The document also releases Roadway from any claims which could be brought by Green's heirs, executors, or administrators.

There can be no doubt that the agreement between Green and Roadway is a settlement which is contrary to the Act and which alters the amount of compensation to be paid and the time during which it is to be paid. Therefore, it is null and void. The Act is remedial in nature and is, in effect, an income maintenance program. *Workmen's Compensation Appeal Board v. Hartlieb,* 465 Pa. 249, 254, 348 A.2d 746, 748

(1975); A.G. Opinion No. 42, *supra*. One commentator has written that it is "the intent of the Act that a regular form of future income be provided in installments over long periods and even for lifetime in some cases." Barbieri, Pa. Work. Comp. §5.43. While it may be argued that such a procedure is paternalistic, it also must be recognized that it is beneficial to the employee. Here, Green desires to accept $9,000.00 now in return for releasing Roadway from all future liability resulting from the work-related accident. It is not surprising that the parties have not outlined how the $9,000.00 was calculated because on the facts of this case it would seem impossible to do so. Green originally received benefits on the basis that he was totally disabled. When the petition was filed, the injury was classified as a permanent partial disability. Clearly, his disability could increase or decrease in the future. By agreeing to accept $9,000.00 and to release Roadway from future liability, Green risked the loss of payments for future increased disability or future medical payments authorized by Sections 408 and 413 of the Act, 77 P.S. §§732 and 772. Ironically, one reason cited by Green for his commutation request was the desire to establish a bank account to cover future medical problems. We fail to understand why, if this is the manner in which he planned to use the commuted funds, he was so willing to release Roadway from future liability.

Green also stated in his petition that he desired a commutation of benefits in order to attend college and to make certain purchases which had been delayed because of a lack of funds. We find this rationale nonmeritorious for two reasons. First, it is irrelevant that the settlement would result in positive benefits to Green. Settlement agreements are null and void regardless of whether they are beneficial or detrimental to the employee. *See, e.g., Blair v. Laug-*

150

*head*, 108 Pa. Superior Ct. 407, 165 A. 58 (1933), *allocatur refused*, 108 Pa. Superior Ct. xxiii. Secondly, Green's brief makes clear that a fourth reason for his seeking the commutation was that within a short period of time, if Green continued to be employed, he would receive no compensation because his earnings would be greater than his earnings at the time of the accident. *See, Ede v. Ruhe Motor Corp.*, 184 Pa. Superior Ct. 603, 607, 136 A.2d 151, 153 (1957); Section 306(b) of the Act, 77 P.S. §512. We recognize, as did our Supreme Court in *Scott v. C. E. Powell Coal Co.*, 402 Pa. 73, 76, 166 A.2d 31, 33 (1960), that the result of such a system is "harsh and inequitable." As the *Scott* Court said, however, "The harshness of the rule . . . does not permit us to alter it. . . ." The solution to the problem lies with the legislature.

Finally, we note that had Green and Roadway intended a commutation of benefits rather than a settlement, no release would have been necessary because once a commuted amount is paid the relationship between employer and employee is settled and all obligations are satisfied. *Shaftic v. Com. C. & C. Co.*, 106 Pa. Superior Ct. 406, 413, 161 A. 773, 775 (1932); *Hall v. Jones & Laughlin Steel Co.*, 79 Pa. Superior Ct. 303, 306 (1922), *allocatur refused*, 79 Pa. Superior Ct. xxvii. The existence of the release signed by Green is further proof that the agreement between them was not a commutation but was an unenforceable settlement.

For the foregoing reasons, the order of the Workmen's Compensation Appeal Board is affirmed.

ORDER

AND Now, this 31st day of May, 1979, the order of the Workmen's Compensation Appeal Board, dated February 24, 1978, is affirmed.